IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Randy Young, | : | |
| Plaintiff, | : | Civil Action 2:11-cv-662 |
| v. | : | Judge Watson |
| Kenneth L. Love, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

### CONSENT DECREE

The parties having agreed to and filed a stipulation for the approval and entry of this Consent Decree (Doc. 24), the following is hereby **ORDERED**:

This Consent Decree is entered into by and between RANDY YOUNG, Individually, hereinafter sometimes referred to as "Plaintiff," and KENNETH L. LOVE AND PHYLLIS D. LOVE, Co-Trustees of the Kenneth L. Love Trust, U/A dated 12/20/1999, its agents, attorneys, insured employees and assigns, hereinafter sometimes referred to as "Defendants," on the date set forth in the parties' Stipulation filed with the Court on June 29, 2012.

WHEREAS: The Defendants' property is known as Scioto View Center and is located at 2810 Fishinger Road, Columbus, Ohio 43221. Plaintiff claims that there are architectural barriers existing at the Defendants' property that constitute violations of the Americans With Disabilities Act that unlawfully limit the Plaintiff's use of the property. Defendants do not admit the allegations in Plaintiff's Complaint, but Defendants now desire to avoid the cost and other problems associated with litigation,

and, in an effort to resolve this matter, agrees as follows:

1. All alterations, modifications, and policies required by this Consent Decree shall be completed prior to the re-inspection date set forth below, unless a different completion date is otherwise stated herein. A final property re-inspection conducted by Plaintiff will take place on or after **June 1, 2013 and on or before July 1, 2013, with notification to Defendants of the inspection date and time,** to ensure that the modifications to the subject property required below for barrier removal have been completed. Plaintiff's counsel, expert(s) and/or representatives shall be provided access to the building to conduct a reinspection and to verify commencement, progress and completion of the work required hereby.  In the event of non-compliance with the terms and conditions of this agreement, Plaintiff shall be entitled to immediate injunctive relief.

2. Defendants shall pay Plaintiff's counsel, Christopher D. Lane, for Plaintiff's attorneys' fees, litigation expenses and expert fees, and costs incurred in this matter.  The amounts to be paid shall be eleven thousand dollars ($11,000.00) at two thousand, seven hundred and fifty dollars ($2,750.00) per month for four months, beginning June 1, 2012 and on the 1st of the month thereafter, payable by check to Thomas Bacon, P.A., until the settlement has been paid in full.

3. The parties hereby agree to mutually dismiss the above captioned matter currently pending between them with prejudice.   Notwithstanding that fact, the Court shall retain jurisdiction to enforce this agreement, and in an action to enforce this agreement, the prevailing party shall be entitled to attorneys' fees, costs and expert fees. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns.   The parties shall perform their obligations under this Consent Decree in good faith.

4. The parties agree that any delays in making the modifications to the property as provided for pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, or city building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates herein as long as the Defendants make a good faith effort to effect implementation as soon as reasonably possible thereafter.

5. Defendants' full compliance with the terms and conditions of this Consent Decree, Plaintiff, his agents, attorney's predecessors, successor, assigns,

heirs and associates hereby release and discharge Defendants, its officers, employees, agents, successors and assigns from any and all actions, suits, debts and sums of money, complaints, defenses, claims and demands, whatsoever, in law or equity, which they have arising under the Americans With Disabilities Act or any other matter at the Scioto View Center, located at 2810 Fishinger Road, Columbus, Ohio 43221

6. All references to the ADAAG refer to the following:
 28 CFR Chapter 1 Part 36, App. A. (7-1-98 edition) - ADAAG

7. The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG. All references to figures in the paragraphs below refer to those that accompany the ADAAG and that more fully describe the considered full compliance with the ADA.

8. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A facsimile copy of any party's signature shall be deemed as legally binding as the original signatures.

9. The Defendants are advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

10. The Defendants agree to correct by no later than **June 1, 2013,** the ADA violations referred to in the report of Pablo Baez of A.D.A. Compliance Consultants of the Carolinas, LLC, dated December 14, 2011 as outlined below.

11. The Defendants agree to modify the property as follows:


### PARKING, EXTERIOR PATHS OF TRAVEL, & EXTERIOR COMMON AREAS

A. Install van-accessible signage that complies with Section 4.6.4 of the ADAAG identifying at least one van-accessible parking space.

B. Re-surface the access aisles providing level surfaces as required in Sections 4.5.2 and 4.6.3 of the ADAAG near "Pet People" and "Ursus". Institute a policy maintaining accessible parking areas properly surfaced,

    striped, and clear of unauthorized parked vehicles or other obstructions.

## TENANT SPACES

### "W.G. Grinders"

A.     Install a toilet and a side grab bar that comply with Section 4.16 of the ADAAG in the Men's restroom. Relocate the toilet paper dispenser in the Women's accessible toilet stall as prescribed by ADAAG Figure 30(d). Institute a policy maintaining required accessible paths and clearances at accessible elements and spaces.

B.     Install mirrors at the height required by Section 4.19 of the ADAAG in the Men's & Women's restroom and properly insulate the lavatory pipes in the Men's restroom.

C.     Relocate paper towel and soap dispensers to locations where they will comply with Sections 4.2 and 4.27 of the ADAAG in the Men's & Women's restrooms.

D.     Install a door handle that complies with Section 4.13.9 of the ADAAG and install a coat hook no higher than 48" AFF (preferably on the interior side wall where it won't protrude) at the accessible toilet stall in the Women's restroom.

### "The Big Fat Greek Kuzina"

A.     Install a toilet that complies with Section 4.16 of the ADAAG in the Men's accessible toilet stall.

B.     Install coat hooks no higher than 48" AFF in the Men's & Women's accessible toilet stalls (preferably on the interior side wall where they won't protrude).

### "Big League Haircuts"

A.     Install a toilet that complies with Section 4.16 of the ADAAG in the Men's restroom.

B.      Relocate the stool away from the required clear floor space at the lavatory in the Unisex restroom. Institute a policy maintaining the required clearances at accessible elements and spaces.

<u>Miscellaneous</u>

A.      Provide transaction counters or equivalent surfaces (i.e. clipboards) that comply with Section 7.2 of the ADAAG at tenant spaces that have non-compliant counters. Institute a policy maintaining transaction counters or compliant alternatives clear of obstructions and clear floor space provided as required in Section 4.2 of the ADAAG.

B.      A letter should be sent to each tenant advising them of their obligations under the ADA regarding counters and other interior spaces/elements. Signage should be placed at each tenant space indicating that assistance is available upon request for disabled individuals. Tenants without an accessible restroom should install signage directing a disabled guest to the nearest tenant with a compliant accessible restroom.

## <u>MAINTENANCE OF ACCESSIBLE FEATURES</u>

ADAAG 36.211

The Defendant shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities by the Americans with Disabilities Act; notwithstanding same, the Defendants shall not be in default herein in cases where there are isolated or temporary interruptions in service or access due to maintenance or repairs.

## <u>POLICIES AND PROCEDURES</u>

A.      Defendants shall have in place, policies and procedure and compliance with the Department of Justice ADA Title III Regulation 28 CFR Part 36.302(a).

    **B**.    Defendants shall implement the polices and procedures that are explained within the report of Pablo Baez of A.D.A. Compliance Consultants of the Carolinas, LLC, dated December 14, 2011.

It is further **ORDERED** that the Court shall retain jurisdiction to enforce this Consent Decree, and that this matter be **DISMISSED WITH PREJUDICE**.

                        s/Mark R. Abel
                        United States Magistrate Judge